# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 4:23-CR-00310-P(01) |
| | U.S. Marshal's No.: 88983-510 |
| RUTH CHIEGO | Laura Montes for Matthew Weybrecht, |
| | Assistant U.S. Attorney |
| | Richard Kevin Rousseau, Attorney for the Defendant |

On November 29, 2023 the defendant, RUTH CHIEGO, entered a plea of guilty as to Count One of the Information filed on November 20, 2023.  Accordingly, the defendant is adjudged guilty of such Count, which involves the following offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 666(a)(1)(A) | Federal Program Theft | October 2021 | One |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100.00 as to Count One of the Information filed on November 20, 2023.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed March 21, 2024.

MARK T. PITTMAN
U.S. DISTRICT JUDGE

Signed March 22, 2024.

Judgment in a Criminal Case                                                                Page **2** of **6**
Defendant:  RUTH CHIEGO
Case Number:  4:23-CR-00310-P(1)

## PROBATION

It is the judgment of the Court that the defendant, RUTH CHIEGO, is hereby sentenced to a term of Probation for a term of **Three (3) years** as to Count One of the Information filed on November 20, 2023.

While on probation, in compliance with the standard conditions of probation adopted by the United States Sentencing Commission, the defendant shall:

1) The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame;

2) After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed;

3) The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer;

4) The defendant shall answer truthfully the questions asked by the probation officer;

5) The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change;

6) The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observed in plain view;

7) The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her employment (such as the position or the job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change;

8) The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer;

Judgment in a Criminal Case                                                                       Page **3** of **6**
Defendant:  RUTH CHIEGO
Case Number:  4:23-CR-00310-P(1)

9) If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours;

10) The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed , or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers);

11) The defendant shall not act or make an agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court;

12) If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk; and,

13) The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

In addition the defendant shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

cooperate in the collection of DNA as directed by the U.S. probation officer;

submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court;

take notice that the above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse;

make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664;

pay the assessment imposed in accordance with 18 U.S.C. § 3013;

notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments;
take notice that if, upon commencement of probation, any part of the $32,795.50, restitution remains unpaid, the defendant shall make payments on such unpaid balance in monthly installments of not less than 10 percent of the defendant's gross monthly income, or at a rate of not less than $300 per month, whichever is greater. Payments shall begin no later than 60 days after the term of probation is imposed and shall continue each month thereafter until the balance is paid in full. Any unpaid

Judgment in a Criminal Case                                                                 Page **4** of **6**
Defendant: RUTH CHIEGO
Case Number: 4:23-CR-00310-P(1)

balance of the restitution ordered shall be paid in full 60 days prior to the termination of the term of probation. In addition, at least 50 percent of the receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money shall be paid toward the unpaid balance within 15 days of receipt. This payment plan shall not affect the ability of the United States to immediately collect payment in full through garnishment, the Treasury Offset Program, the Inmate Financial Responsibility Program, the Federal Debt Collection Procedures Act of 1990 or any other means available under federal or state law. Furthermore, it is ordered that interest on the unpaid balance is waived pursuant to 18 U.S.C. § 3612(f)(3);

not incur new credit charges, or open additional lines of credit without the approval of the probation officer;

provide to the probation officer complete access to all business and personal financial information;

not transfer, sell, give away, or otherwise convey any asset with a value of $500 or more without the approval of the probation officer;

not be employed in any fiduciary capacity or any position allowing access to credit or personal financial information of others unless the defendant's employer is fully aware of the offense of conviction and with the approval of the probation officer; and,

participate in outpatient mental health treatment services as directed by the probation officer until successfully discharged, which services may include prescribed medications by a licensed physician, with the defendant contributing to the costs of services rendered (copayment) at a rate of at least $25 per month.

### RESTITUTION/FINE

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine in addition to restitution.

The defendant is ordered to make restitution, in the amount of $32,795.50. Restitution shall be paid to the U.S. District Clerk, 501 West 10th Street, Room 310, Fort Worth, TX 76102-3673, for disbursement to:

City of Grapevine
Attn: Fiscal Services
200 South Main Street
Grapevine, TX 76051
Re: Ruth Chiego

If upon commencement of the term of supervised release any part of the restitution remains unpaid, the defendant shall make payments on such unpaid balance in monthly installments of not less than 10 percent of the defendant's gross monthly income, or at a rate of not less than $300 per month, whichever is greater. Payment shall begin no later than 60 days after the defendant's release from confinement and shall continue each month thereafter until the balance is paid in full. In addition, at least 50 percent of the receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt if money shall be paid toward the unpaid balance within 15 days of receipt. This payment plan shall not affect the ability of the United

Judgment in a Criminal Case                                                      Page **5** of **6**
Defendant:  RUTH CHIEGO
Case Number:  4:23-CR-00310-P(1)


States to immediately collect payment in full through garnishment, the Treasury Offset Program, the Inmate Financial Responsibility Program, the Federal Debt Collection Procedures Act of 1990 or any other means available under federal or state law. Furthermore, it is ordered that interest on the unpaid balance is waived pursuant to 18 U.S.C. § 3612(f)(3).

Judgment in a Criminal Case                                                                 Page **6** of **6**
Defendant:  RUTH CHIEGO
Case Number:  4:23-CR-00310-P(1)

## RETURN

I have executed this judgment as follows:

_____

_____

_____


Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


_____
United States Marshal

BY _____
          Deputy Marshal